```
                                                        FILED
                                                   U.S. DISTRICT COURT
                                                EASTERN DISTRICT ARKANSAS
```

IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
CENTRAL DIVISION

SEP 29 2020

JAMES W. McCORMACK, CLERK
By: _____
                        DEP CLERK

**MORGAN BROWER**                                                                         **PLAINTIFF**

vs.                                      No. 4:20-cv-*1156-LPR*

**REAL ESTATE MANAGEMENT CORP.**                                        **DEFENDANTS**
**and SANDY EDLEMON**

This case assigned to District Judge *Rudofsky*
and to Magistrate Judge *Deere*

<u>**ORIGINAL COMPLAINT**</u>

COMES NOW Plaintiff Morgan Brower ("Plaintiff"), by and through his attorneys Blake Hoyt and Josh Sanford of Sanford Law Firm, PLLC, and for his Original Complaint against Defendants Real Estate Management Corporation and Sandy Edlemon (collectively "Defendant" or "Defendants"), he does hereby state and allege as follows:

### I.    PRELIMINARY STATEMENTS

1.    This is an action brought by Plaintiff against Defendants for violations of the Fair Labor Standards Act, 29 U.S.C. § 201, *et seq.* (the "FLSA"), and the Arkansas Minimum Wage Act, Ark. Code Ann. § 11-4-201, *et seq.* (the "AMWA").

2.    Plaintiff seeks declaratory judgment, monetary damages, liquidated damages, costs, and a reasonable attorneys' fee, as a result of Defendant's failure to pay Plaintiff sufficient wages under the FLSA and under the AMWA within the applicable statutory limitations period.

3. Upon information and belief, within the three years prior to the filing of the Complaint, Defendant has willfully and intentionally committed violations of the FLSA and the AMWA as described, *infra*.

## II.   JURISDICTION AND VENUE

4. The United States District Court for the Eastern District of Arkansas has subject matter jurisdiction over this suit under the provisions of 28 U.S.C. § 1331 because this suit raises federal questions under the FLSA.

5. Plaintiff's claims under the AMWA form part of the same case or controversy and arise out of the same facts as his FLSA claims. Therefore, this Court has supplemental jurisdiction over the AMWA claims pursuant to 28 U.S.C. § 1367(a).

6. Defendants conduct business within the State of Arkansas.

7. Venue lies properly within this Court under 28 U.S.C. § 1391(b)(1) and (c)(2), because the State of Arkansas has personal jurisdiction over Defendant, and Defendant therefore "resides" in Arkansas.

8. Plaintiff was employed at Defendant's business in Little Rock. Therefore, the acts alleged in this Complaint had their principal effect within the Eastern District, Central Division, and venue is proper in this Court pursuant to 28 U.S.C. § 1391.

## III.   THE PARTIES

9. Plaintiff is an individual and resident and domiciliary of Pulaski County.

10. Separate Defendant Real Estate Management Corporation ("ReManCo"), is a domestic, for-profit corporation.

11. ReManCo's registered agent for service is Sandy L. Edlemon, at 1701 Westpark Drive, Little Rock, Arkansas 72204.

12. Separate Defendant Sandy Edlemon ("Edlemon") is an individual and resident of Arkansas.

## IV. FACTUAL ALLEGATIONS

13. Plaintiff repeats and re-alleges all previous paragraphs of this Complaint as though fully incorporated in this section.

14. Defendant owns and operates an apartment complex in Little Rock.

15. Edlemon is a principal, director, officer, and/or owner of ReManCo.

16. Edlemon, in her role as an operating employer of ReManCo, had the power to hire and fire Plaintiff, often supervised Plaintiff's work and determined his work schedule, and made decisions regarding Plaintiff's pay, or lack thereof.

17. Edlemon took an active role in operating ReManCo and in the management thereof.

18. Edlemon, at relevant times, exercised supervisory authority over Plaintiff in relation to his work schedule, pay policy and the day-to-day job duties that Plaintiff's job entailed.

19. Edlemon acted as the employer of Plaintiff and is and has been engaged in interstate commerce as that term is defined under the FLSA.

20. ReManCo acted as the employer of Plaintiff and is and has been engaged in interstate commerce as that term is defined under the FLSA.

21. During the relevant time, Defendant had at least two (2) employees who engaged in interstate commerce or in the production of goods for interstate commerce, or who handled, sold, or otherwise worked on goods or materials that had been moved

in or produced for interstate commerce, such as construction materials, construction machinery and tools.

22. Defendant's annual gross volume of sales made or business done was not less than $500,000.00 (exclusive of excise taxes at the retail level that are separately stated) during each of the three calendar years preceding the filing of this Original Complaint.

23. Defendant was, at all times relevant hereto, Plaintiff's employer and is and has been engaged in interstate commerce as that term is defined under the FLSA.

24. At all relevant times herein, Defendant directly hired Plaintiff to work in its facilities, paid him wages and benefits, controlled his work schedule, duties, protocols, applications, assignments and employment conditions, and kept at least some records regarding his employment.

25. At all times material hereto, Plaintiff was entitled to the rights, protections, and benefits provided under the FLSA and the AMWA.

26. Defendant employed Plaintiff from March of 2015 to August of 2020.

27. Specifically, Defendant employed Plaintiff as a salaried Construction Supervisor.

28. As a Construction Supervisor, Plaintiff's primary duty was performing manual labor related to construction projects, such as operating lifts, driving machines and loading equipment.

29. Plaintiff's primary duty was not managing the enterprise or managing a customarily recognized department or subdivision of the enterprise.

30. Plaintiff did not have the authority to hire or fire any other employee.

31. Plaintiff did not exercise independent judgment as to matters of significance in carrying out his duties.

32. Plaintiff does not have a terminal degree in engineering or any other field of study.

33. Plaintiff regularly worked more than forty hours per week during the relevant time period.

34. Plaintiff estimates he worked as many as sixty hours per week during some weeks.

35. Defendants did not pay Plaintiff one and one-half (1.5) his regular rate for hours worked over forty in a week.

36. At all relevant times herein, Defendants have deprived Plaintiff of sufficient overtime compensation for all of the hours he worked over forty per week.

37. Defendants provided Plaintiff with a company credit card, and authorized him to make personal purchases using it, which would then be deducted from his paycheck.

38. However, the amount Defendants deducted from Plaintiff's paycheck was more than the amount Plaintiff spent on personal purchases using the company credit card.

39. For example, Plaintiff used the company credit card to buy construction materials for Defendants' apartment complex—a transaction authorized by Defendants—and Defendants deducted from Plaintiff's paycheck for that purchase.

40. Defendants refused to provide Plaintiff with credit card statements to validate their deductions.

41. Plaintiff bought a life insurance policy through Defendants' insurer, Aflac.

42. Defendants let Plaintiff's life insurance policy lapse without notifying Plaintiff, but continued to take money from Plaintiff's checks to pay for the life insurance policy.

43. Plaintiff learned that the policy had lapsed in May of 2020, and immediately demanded a refund.

44. Defendant refunded Plaintiff $507.00 but did not provide documentation that this amount was correct.

45. Upon information and belief, Plaintiff is owed additional money to compensate him for deductions taken out for a life insurance policy that was not provided.

46. Defendants knew or showed reckless disregard for whether their actions violated the FLSA and the AMWA.

### V.     FIRST CAUSE OF ACTION—Violation of the FLSA

47. Plaintiff repeats and re-alleges all previous paragraphs of this Complaint as though fully incorporated in this section.

48. Plaintiff asserts this claim for damages and declaratory relief pursuant to the FLSA, 29 U.S.C. § 201, *et seq.*

49. At all relevant times, Defendant was Plaintiff's "employer" within the meaning of the FLSA, 29 U.S.C. § 203.

50. At all relevant times, Defendant has been, and continues to be, an enterprise engaged in commerce within the meaning of the FLSA, 29 U.S.C. § 203.

51. 29 U.S.C. § 207 requires employers to pay employees overtime wages of

1.5x the regular rate of pay for all hours worked over forty (40) in each week, unless the employee meets certain exemption requirements of 29 U.S.C. § 213 and all accompanying Department of Labor regulations.

52. During the period relevant to this lawsuit, Defendant misclassified Plaintiff as exempt from the overtime requirements of the FLSA.

53. Despite the entitlement of Plaintiff to lawful overtime wages under the FLSA, Defendant failed to pay Plaintiff lawful overtime wages for all hours worked over forty (40) in each one-week period.

54. Defendant unlawfully deducted wages from Plaintiff's paychecks.

55. Defendant's conduct and practices, as described above, were willful, intentional, unreasonable, arbitrary, and in bad faith.

56. By reason of the unlawful acts alleged herein, Defendant is liable to Plaintiff for monetary damages, liquidated damages, and costs, including reasonable attorneys' fees, for all violations that occurred within the three years prior to the filing of this Complaint.

### VI.   SECOND CAUSE OF ACTION—Violation of the AMWA

57. Plaintiff repeats and re-alleges all previous paragraphs of this Complaint as though fully incorporated in this section.

58. Plaintiff asserts this claim for damages and declaratory relief pursuant to the AMWA, Ark. Code Ann. § 11-4-201, *et seq.*

59. At all relevant times, Defendant was Plaintiff's "employer" within the meaning of the AMWA, Ark. Code Ann. § 11-4-203(4).

60. Sections 210 and 211 require employers to pay employees a minimum

wage for all hours worked up to forty (40) and to pay one and one-half times regular wages for all hours worked over forty (40) in a week unless an employee meets certain exemption requirements of 29 U.S.C. § 213 and accompanying DOL regulations.

61. Despite the entitlement of Plaintiff to lawful overtime wages under the AMWA, Defendant failed to pay Plaintiff lawful overtime wages for all hours worked over forty (40) in each one-week period.

62. Defendant unlawfully deducted wages from Plaintiff's paychecks.

63. Defendant's conduct and practices, as described above, were willful, intentional, unreasonable, arbitrary and in bad faith.

64. By reason of the unlawful acts alleged herein, Defendant is liable to Plaintiff for monetary damages, liquidated damages, and costs, including reasonable attorneys' fees, for all violations that occurred within the three years prior to the filing of this Complaint, pursuant to Ark. Code Ann. § 11-4-218.

### VII.   PRAYER FOR RELIEF

WHEREFORE, premises considered, Plaintiff Morgan Brower respectfully prays that each Defendant be summoned to appear and to answer herein and for declaratory relief and damages as follows:

A. A declaratory judgment that Defendant's practices alleged herein violated the FLSA, the AMWA, and their relating regulations;

B. Judgment for damages for all unpaid overtime wages pursuant to the FLSA, the AMWA, and their relating regulations;

C. Judgment for liquidated damages pursuant to the FLSA, the AMWA, and their relating regulations;

D.  An order directing Defendant to pay Plaintiff prejudgment interest, a reasonable attorneys' fee, and all costs connected with this action; and

E.  Such other and further relief as this Court may deem just and proper.

Respectfully submitted,

**PLAINTIFF MORGAN BROWER**

SANFORD LAW FIRM, PLLC
ONE FINANCIAL CENTER
650 S. SHACKLEFORD, SUITE 411
LITTLE ROCK, ARKANSAS 72211
TELEPHONE: (501) 221-0088
FACSIMILE: (888) 787-2040

Blake Hoyt
Ark. Bar No. 2014252
blake@sanfordlawfirm.com

Josh Sanford
Ark. Bar No. 2001037
josh@sanfordlawfirm.com